**FILED**

June 23, 2021

**EDYTHE NASH GAISER**, CLERK

SUPREME COURT OF APPEALS

OF WEST VIRGINIA

## STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**TARA A. LAMBERT,**
**Claimant Below, Petitioner**

**vs.)    No. 20-0274** (BOR Appeal No. 2054615)
          (Claim No. 2019009546)

**AMERICAN BOTTLING COMPANY,**
**Employer Below, Respondent**

### MEMORANDUM DECISION

Petitioner Tara A. Lambert, by counsel Reginald D. Henry, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). American Bottling Company, by counsel Jane Ann Pancake, filed a timely response.

The issue on appeal is compensability of the claim. The claims administrator rejected the claim on December 3, 2018. On September 12, 2019, the Workers' Compensation Office of Judges ("Office of Judges") affirmed the claims administrator's decision. This appeal arises from the Board of Review's Order dated February 21, 2020, in which the Board affirmed the Order of the Office of Judges.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The standard of review applicable to this Court's consideration of workers' compensation appeals has been set out under W. Va. Code § 23-5-15, in relevant part, as follows:

(b) In reviewing a decision of the board of review, the supreme court of appeals shall consider the record provided by the board and give deference to the board's findings, reasoning and conclusions[.]

1

(c) If the decision of the board represents an affirmation of a prior ruling by both the commission and the office of judges that was entered on the same issue in the same claim, the decision of the board may be reversed or modified by the Supreme Court of Appeals only if the decision is in clear violation of Constitutional or statutory provision, is clearly the result of erroneous conclusions of law, or is based upon the board's material misstatement or mischaracterization of particular components of the evidentiary record. The court may not conduct a de novo re-weighing of the evidentiary record. . . .

*See Hammons v. W. Va. Office of Ins. Comm'r*, 235 W. Va. 577, 775 S.E.2d 458, 463-64 (2015). As we previously recognized in *Justice v. W. Va. Office Ins. Comm'r*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012), we apply a de novo standard of review to questions of law arising in the context of decisions issued by the Board. *See also Davies v. W. Va. Office of Ins. Comm'r*, 227 W. Va. 330, 334, 708 S.E.2d 524, 528 (2011).

Ms. Lambert is a truck driver who, prior to the alleged injury in this claim, was treated at MedExpress Urgent Care ("MedExpress") on March 25, 2014, for an injury to her left foot. X-rays of the left foot revealed no acute findings, and she was diagnosed with plantar fasciitis. She completed a Report of Injury form and described the injury by reporting, "went to step down out of truck and my left foot started to hurt with sharp pains and feels like it is burning." Medical records from MedExpress dated March 25, 2014, show the assessment of Ms. Lambert's condition as pain in the foot/toe. She was discharged with instructions to elevate the injured extremity as much as possible to reduce pain and to prevent swelling.

On October 19, 2018, Ms. Lambert filed a Report of Injury stating that she sustained an injury to her left foot when she stepped backwards onto her left foot. She was seen for treatment by Tammy Blankenship, NP, at MedExpress, and it was determined that she sustained an occupational injury of left plantar fasciitis. An x-ray revealed no evidence of fracture or acute findings. The MedExpress staff concluded that the October 19, 2018, injury did not aggravate a prior injury/disease. The discharge instructions noted plantar fasciitis, and she was ordered to elevate her extremity and apply ice. A Workers' Compensation Duty Form was prepared placing Ms. Lambert on modified duty.

Ms. Lambert followed-up with MedExpress on October 26, 2018, for her foot injury. The examination found normal range of motion of the feet and full strength against resistance in the left foot. There was no swelling or deformity noted in her foot. Ms. Lambert reported foot pain on palpation and pain in the arch radiating up to the great toe. The assessment was plantar fasciitis. She was placed on modified duty as of October 26, 2018. At a follow-up examination at MedExpress on November 2, 2018, Ms. Lambert stated that she had been icing her left plantar foot and had been limiting weight bearing. She requested to return to full duty. Upon examination, there was no swelling or deformity noted. There was no erythema observed and no ecchymosis observed. Again, the assessment was plantar fasciitis.

On November 13, 2018, Ms. Lambert was seen by John Tabit, M.D., an orthopedic surgeon, for a second opinion about her condition. The listed reason for the appointment with Dr.

Tabit was because she had suffered a new injury to her left foot. Ms. Lambert complained of left foot pain and stated she was getting a jack out of a truck on October 19, 2018, when she pivoted on her foot and felt a sharp pain. She also reported that she had been unable to bear weight on her left foot. Dr. Tabit noted moderate swelling and edema, the presence of erythema and ecchymosis, decreased range of motion, and antalgic gait on the left. The diagnosis was contusion of the left foot, initial encounter. Dr. Tabit recommended conservative care, including activity modification, rest, ice, elevation, compression, and oral anti-inflammatory medications. He did not provide a discussion concerning whether or not the contusion diagnosis was related to the incident of October 19, 2018.

By Order dated December 3, 2018, the claim was rejected by the claims administrator. It was determined that a compensable work injury was not sustained. Ms. Lambert protested the claims administrator's decision.

In support of her protest, Ms. Lambert testified at a deposition held on April 11, 2019, that on October 19, 2018, as she was stepping off the back of her truck, her foot and toe popped. She could not put pressure on her foot following the injury. She called her boss and told him that she would try to finish working, but she began experiencing excruciating pain with every step. Ms. Lambert testified that she was not having trouble with her left foot prior to the work injury. After seeking treatment at MedExpress, she was off work for four or five weeks. She sought treatment with Dr. Tabit, a specialist, for a second opinion on November 13, 2018. Dr. Tabit did not find that she had plantar fasciitis, but stated that it would take a while to heal. Ms. Lambert stated that she returned to full duty work and began having problems with her foot. She stated that whenever she gets on her toes or has to reach, it feels like her foot is pulling apart. She reported that her symptoms include constant pain when she puts pressure on it. Regarding her March 25, 2014, injury, Ms. Lambert testified that she does not remember filing a workers' compensation claim for an injury to her left foot in 2014 because she was under the impression that she injured her right foot.

By Order dated September 12, 2019, the Office of Judges affirmed the December 3, 2018, Order of the claims administrator denying Ms. Lambert's application for workers' compensation benefits. The Office of Judges determined that the preponderance of the evidence indicates that she has failed to show that she sustained an injury in the course of and as a result of her employment on October 19, 2018. Ms. Lambert had three dates of treatment at MedExpress on October 19, 2018; October 26, 2018; and November 2, 2018. On those dates there were no findings upon physical examination of swelling in the foot or erythema or ecchymosis. When Ms. Lambert was seen by Dr. Tabit, who specializes in orthopedic trauma, on November 13, 2018. Dr. Tabit examined her and found swelling, erythema and ecchymosis. Although she was diagnosed with a contusion of the left foot, Dr. Tabit did not provide an explanation as to whether his finding of contusion is related to the incident of October 19, 2018. The Office of Judges reasoned that left plantar fasciitis would be a pre-existing condition rather than a new injury based upon Ms. Lambert's medical history. The Board of Review issued an Order dated February 21, 2020, adopting the findings of fact and conclusions of law of the Office of Judges and affirmed the decision.

After review, we agree with the decision of the Office of Judges, as affirmed by the Board of Review. Ms. Lambert fails to establish by a preponderance of the evidence that she sustained a workplace injury on October 19, 2018. Although Dr. Tabit diagnosed Ms. Lambert with a left foot contusion, the preponderance of the evidence does not establish that the diagnosis is causally related to the incident of October 19, 2018.

Affirmed.

**ISSUED: June 23, 2021**

**CONCURRED IN BY:**
Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton